### *In re* FARGO'S ESTATE.

*(Supreme Court, General Term, Fifth Department.* March, 1892.)

PROBATE PRACTICE—ALLOWANCE OF CLAIM AGAINST ESTATE.

 Code Civil Proc. § 2718, provides that on a petition to a surrogate to compel payment of a claim against a decedent's estate the surrogate must dismiss the petition, if the executor or administrator files a written answer, duly verified, "setting forth facts which show that it is doubtful" whether petitioner's claim is valid and legal, and denying its validity or legality absolutely or on information and belief. *Held* that, where an executor, in his answer to such petition, alleged that the claim was for damages arising out of the alleged fraud of decedent in the sale of certain property to claimant, and denied on information and belief the validity and legality of the claim, the surrogate properly dismissed the petition.

 Appeal from surrogate's court, Erie county.
 Petition by John Laughlin to compel the executor of the will of Anna H. Fargo to pay a claim against the estate of decedent. The petition was dismissed by the surrogate, and petitioner appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*William L. Jones*, for appellant.    *Devoe P. Hodson*, for respondent.

LEWIS, J. Laughlin, on or about the 1st of June, 1891, presented his petition to the surrogate's court of Erie county, setting forth that he had a claim against the estate of Mrs. Fargo, amounting to the sum of $4,285; that he had duly presented it to George B. Webster, the executor of the estate, on the 3d day of February, 1891, and that the executor had neither disputed nor rejected his claim; that there is sufficient property of the estate applicable to the payment thereof without injuriously affecting the rights of others; and asked for a citation requiring the executor to show cause why a decree should not be made directing him to pay the claim. Citation was issued, and upon the return day thereof the executor interposed an answer stating that the executor was on or about February 3, 1891, duly served with a copy of the claim set out in the petition, which had been in his hands ever since, and had been the subject of dispute and discussion between himself and the claimant ever since, until about the 1st day of June, when he directed the claimant to make out a claim specifically in items so that the same might be intelligently and specifically rejected in writing; that the claimant promised to do so; that the next thing he received from the claimant was the order to show cause in these proceedings. The answer further stated that the claim is based upon the alleged fraud of the deceased in making the sale of certain property to the claimant, about five years ago, as stated in the claim. The executor, upon his information and belief, denied absolutely the validity and legality of said claim, and prayed for an order dismissing the petition. The claim, as presented, was as follows: "The estate of Anna H. Fargo, deceased, to John Laughlin, Dr. To damages on fraudulent sale, 'Times Printing House,' so called, about November 15, 1886, $5,785; credit by printing, $1,500; leaving now due, $4,285, and interest from November 15, 1886." It was duly verified. Upon the answer being filed, the claimant's attorney offered to prove that there was no rejection of the claim in any manner, nor any offer to refer, since the 3d of February, and that the executor kept it until the 1st day of June without making any offer to refer. Counsel for the executor objected, on the ground that the surrogate had no jurisdiction to enter into the merits of the matter subsequent to the filing of the answer of the executor. The surrogate sustained the objection, and dismissed the proceeding, to which ruling and decision counsel for plaintiff excepted. Section 2718 of the Code provides that upon the return day of the citation, if the executor "files a written answer, duly verified, setting forth facts which show that it is doubtful whether the petitioner's claim is valid and legal, and denying its validity or legality absolutely or upon information and belief," the surrogate must dismiss the petition without prejudice to an action for an accounting in behalf of the petitioner. The answer interposed by the executor was quite informal and inartistic. The alleged claim, it will be seen, was for damages arising out of an alleged fraudulent sale of the Times Printing House in the year 1886, about five years before the presentation of the claim to the executor. It was not an account nor a liquidated claim, it was obviously a claim that should not have been the subject of investigation in the surrogate's court. It was claimed that the deceased had been guilty of a fraud. The executor, by his answer, disputed the legality of the claim. His answer did fail to state the facts upon which he based his doubt as to the validity of the claim, but it did state that the claim was based upon an alleged fraud of the deceased in making the sale of certain property, and upon information and belief denied absolutely the legality and validity of the claim. The practice in the surrogate's court is somewhat informal. The pleadings are usually oral. In this case, in order to divest the surrogate of jurisdiction to make the decree, the Code required a written verified answer. We think it must be held that the

answer was sufficiently broad to divest the surrogate of jurisdiction to make a decree in the premises. No objection was made to the form of the answer upon the hearing. If the petitioner claimed it was defective in that it failed to set forth the facts required by section 2718, he should have called the court's attention to the defect. Should the decree be reversed, and the proceedings remitted to the surrogate's court, it would result in the answer being made more formal. It would be improper for the surrogate to attempt to adjudicate such a claim. If it was to be contested it should be tried before a jury.

The decree appealed from should be affirmed, with costs. All concur.